In Re Diez Hermanos, S. en C.

Appeal from the District Court of Mayagüez.

No. 119.—Decided December 20, 1904.

Suspension of Payment—Statement of Assets and Liabilities.—The statement of assets and liabilities referred to in article 2 of General Order No. 224 in regard to suspension of payment must necessarily be filed within the ten days following the presentation of the petition, and if this requirement is not complied with, the application will be denied.

The facts are stated in the opinion.

*Mr. Alvarez Nava,* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order of the District Court of Mayagüez, dismissing a petition for suspension of payment. The application for the suspension purported to be made under the provisions of General Order No. 224, and was filed on July 18, 1903. On the same day the court issued an order requiring the petitioner to comply with the provision of said general order. On the 24th of the same month the attorney for petitioner appeared in court and was notified of the order thereof. On the 5th day of August, 1903, the petitioner filed a sworn statement of liabilities and assets. So that the filing of the statement took place more than ten days after the presentation of the original petition.

This appeal came up for hearing on the 29th day of November, and the appellant in this court, being represented by Attorney Antonio Alvarez Nava, alleged that the ten days of which section 2 of the General Order No. 224 speaks should be counted from the time at which the petitioner was notified of the order of the court.

There does not appear in the law any reason for an order on the part of the court, or any necessity of notification to the petitioner. He himself undertook to file his statement within ten days from the presentation of his petition, and no further notice was necessary to him. But it is unnecessary to consider that point.

The Spanish copy of the General Order provides (sections No. 1, and 2) as follows:

"I. *Todo comerciante podrá constituirse en estado de suspensión de pagos dentro de las 48 horas siguientes á habérsele reclamado, judicial ó extrajudicialmente, una obligación de plazo vencido.*

"II. *Es indispensable que dentro de diez días, se presente relación de acreedores y de deudores con expresión de las sumas debidas á cada acreedor, y una memoria en que se indiquen las causas que han pro-*

*ducido tal estado y también la proposición de quita ó espera ó de ambas cosas, que se hace á los acreedores."*

Section 2 would seem to be plain in its terms to the effect that the ten days referred to should relate to the time of the filing of the petition.

However, the original English Order reads as follows:

"I. Any merchant may make legal announcement of his having suspended payment, within forty-eight hours next following the judicial or extrajudicial demand for payment of an obligation due and payable by him.

"II. Within ten days thereafter it shall be his duty to file a sworn statement of his liabilities and assets, specifying the amount due to each creditor, same to be accompanied by a report of the causes which led to his embarrassment and the proposition he makes for settlement with his creditors."

If the Spanish copy is at all doubtful, the words *within ten days thereafter,* in the original, are conclusive.

The provisions of the law are plain and mandatory and the order of the court dismissing the petition must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and MacLeary concurred.